# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHEN CHIANG LIU, et al.,<br><br>Defendants. | 2:07-CR-170 JCM (LRL)<br><br>Date:    N/A<br>Time:   N/A |

**ORDER**

Presently before the court are the report and recommendation of United States Magistrate Judge Lawrence R. Leavitt (Doc. #115), filed on August 5, 2008. Defendant Chen Chiang Liu objected to the report and recommendation on August 20, 2008. (Docs. #118, #119; see also #126). The United States filed a response to the objection on September 2, 2008. (Doc. #122). As of September 4, 2008, defendant Min Li Liu has not filed any objections to the report and recommendation.

Chen Chiang Liu's objections are based on his belief that the conspiracy charge in this case (count 1) is merely an extension of a conspiracy charge filed against him in the United States District Court for the Central District of California in 2005. That indictment was dismissed at the government's request on March 31, 2008. (Doc. #92, Ex. 4). A district of Nevada grand jury later indicted both Chen Chiang Liu and Min Li Liu on one count of conspiracy and one count of passing, possessing, and concealing counterfeit securities. (Doc. #13). That indictment was superseded twice. (Docs. #53, #79).

**James C. Mahan**
**U.S. District Judge**

1   On April 29, 2008, defendant Chen Chiang Liu filed a motion to dismiss the conspiracy
2   charge (count 1) of the second superseding indictment based on speedy trial grounds. (Docs. #91,
3   #92). Defendant Min Li Liu also filed a motion seeking to dismiss count 1 of the second superseding
4   indictment alleging a violation of the Speedy Trial Act and improper pre-indictment delay. (Doc.
5   #93). These motions were referred to Judge Leavitt pursuant to 28 U.S.C. § 636(b)(1)(B) and LR
6   IB 1-4. After a review of the filings, Judge Leavitt determined that "the speedy trial clock in the Las
7   Vegas case has not expired and will not expire before trial is scheduled to begin [on September 8,
8   2008]." (Doc. #115 at 12). Judge Leavitt also determined that based on the complicated facts of this
9   case, the delay in filing the second superseding indictment "[did] not suggest improper motive on
10  the part of the government," nor did it substantially prejudice the defendants. (Doc. #115 at 13).
11  Now, in keeping with 28 U.S.C. § 636(b)(1)© and LR IB 3-2(b), this court must conduct a
12  *de novo* review of those portions of the report and recommendation to which the defendants have
13  objected. Defendant Chen Chiang Liu objects only to Judge Leavitt's findings and recommendation
14  regarding the application of 18 U.S.C. 3161, also know as the Speedy Trial Act. The act provides
15  in pertinent part:

16  In any case in which a plea of not guilty is entered, the trial of a defendant charged
    in an information or indictment with the commission of an offense shall commence
17  within seventy days from the filing date (and making public) of the information or
    indictment, or from the date the defendant has appeared before a judicial officer of
18  the court in which such charge is pending, whichever date last occurs.

19  18 U.S.C. 3161(c)(1).
20  To determine if the Act has been violated, this court must first ascertain when the seventy
21  day clock began running. See *United States v. King*, 483 F.3d 969, 972 (2007). It is clear that if this
22  court were concerned only with the time line in the Nevada case (2:07-cr-170-JCM), there would be
23  no speedy trial issue. An indictment containing 2 counts was issued against the defendants in
24  Nevada on August 1, 2007; 9 days later the defendants were arraigned on those charges. Therefore,
25  the speedy trial clock began to run in this case on August 11, 2007. That clock continued running
26  until September 24. Thus, 31 days (August 11, 2007- September 23, 2007) passed before the clock
27  was stopped by the parties. The parties then stipulated to a continuance which excluded the period
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

between September 24 and December 17 from the speedy trial calculations. (Doc. # 35). The parties later stipulated to a continuance and agreed to exclude the time between December 18, 2007, and January 28, 2008, from their speedy trial calculations. (Docs. #60, #63). A jury trial began on January 28, 2008, and a mistrial was declared the same day. (Doc. #72). The parties agreed to a new trial date of May 19, 2007, with the intervening time again being excluded from speedy trial determinations. (Docs. #76, #78). And finally, the parties agreed to move the trial from May 20, 2008, to September 8, 2008, with the intervening dates once again being excluded from the speedy trial time line. (Docs. #107, 108).

Based on the numerous stipulations to continue between the parties, which resulted in only 31 days being charged to the government for speedy trial purposes, Judge Leavitt correctly determined that the speedy trial time period has not expired in the Las Vegas case. It is only if this court considers the charges against Chen Chiang Liu in California that the speedy trial time table could become an issue. The previous case originated on August 17, 2005, when Chen Chiang Liu was indicted in the United States District Court for the Central District of California. As noted above, the charges in that case were dismissed in March of this year. The government then brought charges against both Chen Chiang Liu and Min Li Liu in the district of Nevada.

When the government dismisses an indictment and brings a new indictment for the same offense or any offense required to be joined with the original offense, the speedy trial clock is tolled, not reset. See 18 U.S.C. § 3161(h)(6); *United States v. Magana-Olvera*, 917 F.2d 401, 405 (9th Cir.1990) ("If the first indictment is dismissed on the *government's* motion, the statutory time limit is merely suspended until a new indictment is returned; the 70-day clock is not reset.") (emphasis in original). However, when the new indictment raises new or distinct offenses, the speedy trial time starts to run with the new indictment. Likewise, when the government adds a co-defendant to the indictment, the speedy trial clock is reset. *King*, 483 F.3d at 973 (relying on *United States v. Henderson*, 476 U.S. 321, 323 n.2 (1986) which notes that "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant").

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Count 1 of the indictment in this case charges a new and distinct offense from the one
2  charged in the California case. Although defendant Chen Chiang Liu was charged with conspiracy
3  in both cases, the conspiracy alleged in this case is broader in scope, includes more defendants,
4  covers a larger time period, and alleges violations of different statutes than the one alleged in the
5  2005 California case. Thus, Judge Leavitt correctly applied the five-factor test outlined in *Arnold*
6  *v. United States*, 336 F.2d 347, 350 (9th Cir. 1964), to determine that the conspiracy alleged in count
7  1 of this case is a separate offense from the one charged in the California case.

8  Accordingly,

9  IT IS HEREBY ORDERED, ADJUDGED AND DECREED that United States Magistrate
10 Judge Leavitt's report and recommendation (Doc. #115) are AFFIRMED in their entirety.

11 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's objections
12 (Docs. #118 and #119) to United States Magistrate Leavitt's report and recommendations (#115),
13 be and the same hereby are, DENIED.

14 DATED this 5th day of September, 2008.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -